UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACQUELINE WILLIAMS, ET AL.                                                                PLAINTIFF

V.                                                           CIVIL ACTION NO.: 3:09CV179-DPJ-JCS

GOVERNOR HALEY BARBOUR, ET AL.                                                       DEFENDANTS

**<u>ORDER</u>**

This matter is before the Court on the Motion to Dismiss [10] of Defendants Haley Barbour, Gray Swoope, Paul H. Johnson, the State of Mississippi, and the Mississippi Development Authority (MDA). Also pending is Plaintiff's Motion to Amend [13]. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion to dismiss should be granted and the motion to amend denied in part and granted in part.

I.    Facts and Procedural History

According to their Complaint, Plaintiffs were denied the opportunity to bid on a private construction contract with an auto manufacturer in north Mississippi due to their race. The original Complaint brings official capacity claims against state officials Haley Barbour, Gray Swoope, and Paul H. Johnson ("Individual Defendants"), the State of Mississippi, and the MDA (collectively the "State Defendants"). The Complaint also names Toyota of North America. As to the State Defendants, the original Complaint asserts claims based on 42 U.S.C. §§ 1981 and 1981(a) (Count One); 42 U.S.C. § 1985 (Count Two); and 42 U.S.C. § 1983 for claims based on violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Counts Three, Four, and Five).

On April 21, 2009, the State Defendants moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure asserting Eleventh Amendment immunity. Defendants further contended under Rule 12(b)(6) that the State, its agencies, and its officials, acting in their official capacities, are not "persons" under § 1983 or § 1985(3) and that Plaintiffs' claim under § 1981 must be brought under § 1983. Plaintiffs never responded to the State Defendants' motion but instead filed a motion [13] seeking leave to file the proposed amended complaint attached as Exhibit A to their motion (Amended Complaint). The Amended Complaint would substitute individual capacity claims for the official capacity claims against the Individual Defendants while dropping all claims against the State of Mississippi and the MDA. Plaintiffs' motion to amend also states that Plaintiffs named the wrong Toyota corporate entity and therefore seek leave to correctly identify that defendant. The State Defendants oppose Plaintiffs' motion as an improper use of Rule 15 of the Federal Rules of Civil Procedure and forth content that the Amended Complaint, as drafted, would be futile.

II.     Analysis

    A.     Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Generally speaking, the Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001) (citations omitted). The immunity granted to a state extends to an arm of the state. *Williams v. Dallas Area Rapid Transit,* 242 F.3d 315, 318 (5th Cir. 2001). Likewise, the Eleventh Amendment precludes federal suits against state officials named in their official capacities. *See,*

*e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest.") (internal quotation marks and citation omitted).

Plaintiffs filed no response to the State Defendants' motion and have at least tacitly conceded the lack of jurisdiction. *See* Proposed Amended Complaint attached to Plaintiff's Motion to Amend [13]; Plaintiff's Reply in Support of Motion to Amend [19] at 7. Nevertheless, the Court finds on the merits that it lacks jurisdiction due to the Eleventh Amendment and therefore grants the State Defendants' motion to dismiss without prejudice.

      B.      Motion to Amend

In light of the State Defendants' motion to dismiss, Plaintiffs have overhauled their legal theory and now seek leave to file the Amended Complaint. *See* Plaintiff's Reply in Support of Motion to Amend [19] at 7. After an answer has been filed, a party may amend its complaint "only by leave of court," which shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) "evinces a bias in favor of granting leave to amend" and "severely restricts the judge's freedom." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). However, the court need not grant leave to file a futile amended complaint. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). Thus, to determine whether a proposed claim is futile, the Court applies "the same standard of legal sufficiency that applies under Rule 12(b)(6)." *Id.* (citations omitted).

A court considering a motion under Rule 12(b)(6) must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . .be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558) (internal quotation marks omitted)).

Individual capacity claims against state actors under the civil rights statutes implicate a heightened pleading standard. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) ("Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based."). As explained in *Oliver v. Scott*,

> The generic pleading requirements of Fed. R. Civ. P. 8 govern suits against individual defendants in their official capacity. Oliver need only provide a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Plaintiffs suing governmental officials in their individual capacities, however, *must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation.*

276 F.3d 736, 741 (5th Cir. 2002) (emphasis added) (internal citations and quotations omitted).

Said differently, when state actors are sued in their individual capacities, "those actions" in order to survive "must be pleaded with 'factual detail and particularity,' not mere conclusionary allegations." *Anderson v. Pasadena Indep. Sch. Dist.*,184 F.3d 439, 443 (5th Cir. 1999) quoted in *O'Dwyer v. Nelson*, 310 F. App'x 741, 746 (5th Cir. 2009). This "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999); *see also Todd v. Hawk*, 66 F.3d 320, No. 94-10956, 1995 WL 534966, at *2 n.7 (5th Cir. Aug. 2, 2005) ("[T]he heightened pleading standard . . . also applies to all civil rights actions where the defense of qualified immunity is asserted, including § 1981 claims.") (citation omitted); *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1095 (5th Cir. 1989) (holding that § 1985 claims require the plaintiff to "plead the operative facts upon which his claim is based, more than conclusory allegations"). Defendants claim that the Amended Complaint fails as to each count on this basis alone.

Plaintiffs failed to respond directly to this argument but generally maintain that their proposed Amended Complaint is sufficient. In this regard, the Amended Complaint contains the following factual allegations: (1) the Individual Defendants are white; (2) some or all of the State Defendants recruited Toyota to Mississippi; (3) Plaintiffs are qualified African American contractors; (4) Toyota invited only white-owned contractors to bid; (5) Toyota awarded the contract to L & T Construction; (6) L & T Construction was not qualified; (7) L & T Construction's president, Leonard Harris, testified that the company helped Defendant Barbour's campaign; and (8) Harris described his relationship with Defendant Barbour as "strong as a deer." Based on these factual allegations, the Amended Complaint repeatedly avers that the Individual Defendants conspired with each other and Toyota to deny minority owned businesses

the opportunity to bid. *See, e.g.*, Amended Complaint ¶¶ 3, 17, 23, 24, 26, 29, 32, 45, 47, 86, 94, 95, 104, 105, 114, 115.[1]

Separating the conclusory assertions from those deserving the presumption of truthfulness, the Amended Complaint fails to state what, if anything, any of the Individual Defendants said or did to perpetuate the alleged conspiracy. The factual allegations merely suggest that Harris thought he had a strong relationship with Defendant Barbour and that the State Defendants had business dealings with Toyota. The averments fail to demonstrate with "factual detail and particularity" how the Individual Defendants were involved in Toyota's bidding decisions. *Anderson*,184 F.3d at 443. The mere allegation of a conspiracy to discriminate is not sufficient. *See Du Bois v. Warne*, No. 08-20682, 2009 WL 1582548, at *2 (5th Cir. June 8, 2009) ("Although Du Bois couches her claims in terms of a conspiracy, her conclusory charges are unsupported by specific factual allegations and are insufficient to state a constitutional violation under § 1983."); *Knatt v. Hospital Service Dist. No. 1*, 289 F. App'x 22, 33 (5th Cir. 2008) (affirming Rule 12(b)(6) dismissal of §§ 1983 and 1985 claims, holding that "[p]laintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based" and "[b]ald allegations that a conspiracy existed are insufficient") (quoting *Lynch*, 810 F.2d at 1369-70 (5th Cir. 1987); citing *Young v. Biggers*, 938

---

[1]Plaintiffs cite other facts in their reply that do not appear in the Amended Complaint. For example, they attach a declaration from Plaintiff Renna Fisher who states that, in 2007, Plaintiffs retained a lobbyist to assist in "finding business" and that a meeting was arranged with the Governor's then-chief of staff "who told us we needed to get to know L & T. This was prior to the contract bid or the public meetings concerning doing business with Toyota." Plaintiffs' Reply [19], Exh. A ¶ 4. Even if such claims were part of the Amended Complaint, which they are not, they fail to demonstrate individual conduct of the sort necessary to properly plead these claims. There is no respondeat superior liability under § 1983, and the allegation fails to demonstrate the individual conduct of any defendant.

F.2d 565, 569 & n.6 (5th Cir. 1991) (holding that the plaintiff failed to allege any operative facts because the complaint lacked any specific allegations connecting the defendants to a conspiracy)); *Stringer v. Alben*, 89 F. App'x 449, 452 (5th Cir. 2004) ("Stringer's allegations that Alben conspired to violate his civil rights is [sic] conclusory and insufficient to defeat summary judgment.").

The general pleading deficiencies addressed above would render each count of the Amended Complaint, as drafted, futile. In addition to those arguments, the Individual Defendants offered statute specific arguments for finding the Amended Complaint futile. Because several of the statutory claims relate to the § 1983 claim, that claim will be taken first.

1. Section 1983

Counts III, IV, and V of the Amended Complaint all allege § 1983 conspiracy claims against the Individual Defendants. Plaintiffs' core claim is that they were excluded from the bidding process for a contract with Toyota, a private party. To obtain relief under § 1983, a plaintiff must prove that he was deprived of a right under the Constitution or laws of the United States and that the person depriving him of that right acted under color of state law. *Resident Council of Allen Parkway Village v. U.S. Dep't of Housing & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993), *cert. denied*, 510 U.S. 820 (1993). "[Section] 1983 does not reach purely private conduct." *Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002) (citation omitted). Accordingly, "a section 1983 plaintiff . . . must also show that state action caused his injury." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 n.8 (5th Cir. 1999). Among Defendants' many arguments is that Plaintiffs cannot demonstrate the "state action" prong of a § 1983 claim.

a. State Action

As Defendants note, state action can be found in conjunction with private acts, but only in limited contexts. *See, e.g.*, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 170 (1970) ("[a] State is responsible for the discriminatory act of a private party when the State, by its law, has compelled the act."). As summarized in *Bass v. Parkwood Hospital*, "[p]rivate action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be fairly attributable to the State." 180 F.3d 234, 241 (5th Cir. 1999) (citation omitted). As the court explained, the fair attribution test has two parts:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.

*Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982)).

*Bass* further explains the three tests under which state attribution might be satisfied. *See also Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 224 (5th Cir. 2008) (examining same three tests). First, the Supreme Court has applied a public function test when the private actor "performs a function which is traditionally the exclusive province of the state." *Bass*, 180 F.3d at 242 (citation omitted). This test has no apparent application in the present case, and the Amended Complaint makes no such allegations.

Second, the "state compulsion (or coercion) test holds that 'a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to

be that of the State.'" *Id.* (citing *Blum v. Yaretsky*, 457 U.S. 991 (1982)). Under the state compulsion test, "the state's mere acquiescence in private conduct . . . will not transform that conduct into state action." *Id.*; *see also Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985) ("The state's role must be active; approval or acquiescence in a private party's actions is not enough."). Likewise, "general state involvement with [a] corporation or industry is not sufficient to support a claim" under § 1983. *Daigle,* 774 F.2d at 1348. The Fourth Circuit Court of Appeals has explained that "when the state has coerced a private party to commit an act that would be unconstitutional if done by the state, it means that the state has ordered specific conduct." *German v. Fox*, 267 F. App'x 231, 234 (4th Cir. 2008) (citation omitted) (affirming dismissal under Rule 12(b)(6) despite allegation of "close professional relationship" between state and private actor and averment in complaint that state "directed and/or encouraged" employer to terminate plaintiff's employment).

Finally, the Court has applied a nexus or joint action test under which "state action may be found where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise.'" *Bass*, 180 F.3d at 242 (citing *Jackson v. Metropolitan Edison Co.*,419 U.S. 345, 357-58 (1974)); *see also Daigle*, 774 F.2d at 1348 (finding state action may exist where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself"). *Bass* offers as an example of this test *Lugar*, wherein the Court found state action based on a statute unconstitutionally authorizing the sheriff to attach a debtor's property on the basis of an ex parte writ. *Id.* (citing *Lugar*, 457 U.S. at 922).

Here, the Amended Complaint offers a conclusory allegation of conspiracy but fails to allege the type of state involvement deemed necessary to convert a private contract matter into state action. The Amended Complaint does not allege particularized facts demonstrating that the Individual Defendants exercised authority over Toyota's bidding process; that these defendants coerced Toyota's decision not to solicit a bid from Plaintiffs; that these defendants ordered specific conduct from Toyota; or that the type of nexus necessary to create state action existed. *See generally Bass*, 180 F.3d at 242 (stating tests); *Lynch*, 810 F.2d at 1370 (providing pleading standards). Simply put, the Amended Complaint fails to offer particularized facts demonstrating that Toyota's decisions should be considered decisions of the State. *Id*. Instead, Plaintiffs offer the conclusory allegation that defendants conspired together. Plaintiffs did not respond to this portion of Defendants' argument, and the Court finds that it is meritorious.

    b.  Plaintiffs' Argument

Although Plaintiffs left Defendants' legal arguments largely unrebutted, they do make a few arguments that they appear to assert with respect to all of the statutory claims. First, they claim that their individual capacity claims against the Individual Defendants are in essence claims against the State. Plaintiffs' Reply [19] at 7. Accordingly, they include a number of generalized complaints in their reply about the MDA, the Governor's staff, and the actions of the State (many of which are not reflected in the Amended Complaint).

Contrary to Plaintiffs' assertion, an individual capacity claim is *not* a claim against the State. It is a claim against the individual. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining

difference between personal and official capacity claims).[2] Moreover, a state official sued in his or her individual capacity is not vicariously responsible for the acts of his or her subordinates. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Thus, Plaintiffs' averments regarding state action and subordinate staff members, even if contained in the Amended Complaint, would fail to sufficiently aver individual involvement on the part of the Individual Defendants.

In a related argument, Plaintiffs assert that they can establish a custom or policy on the part of a "government entity." Plaintiffs' Reply [19] at 9. This argument appears in the § 1981 portion of Plaintiffs' Reply but is properly considered under § 1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989) ("to prevail on his claim for damages against the school district, petitioner must show that the violation of his 'right to make contracts' protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases"). The argument fails, however, because Plaintiffs having sought to drop their claims against the State no longer pursue claims against a governmental entity, rendering the argument moot.

Finally, Plaintiffs argue that the Individual Defendants are not entitled to qualified immunity. While qualified immunity is a potential issue, it is not the basis of the Individual Defendants' opposition to the motion to amend. Defendants have relied instead on the largely unrebutted arguments contained in their memorandum.

---

[2]Plaintiffs' original Complaint reflected a claim against the State because it sued the Individual Defendants in their official capacities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

2. Section 1981

Count I of the Amended Complaint alleges violation of § 1981. The statute proscribes racial discrimination in the "mak[ing] and enforce[ment]" of contracts, including their "performance" and "enjoyment of all benefits . . . and conditions of the contractual relationship." 42 U.S.C. § 1981. However, as Defendants note, "§ 1983 . . . [is] controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981." *Jett*, 491 U.S. at 731; *see also Felton*, 315 F.3d at 481 (holding that § 1981 claims against state actors in their *individual* capacities must be brought under § 1983), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Plaintiffs argue in response that § 1981 is the "law of the land," a point beyond dispute. They then maintain that they can establish a prima facie case under the statute against a governmental entity. Plaintiffs argument fails to acknowledge *Jett* and *Felton*, and as discussed, the *governmental entity* claims are no longer the issue. The Court finds Defendants' unrebutted argument persuasive.[3]

3. Section 1985

Count II of the Amended Complaint alleges violation of § 1985. Section 1985 of the Civil Rights Act renders certain "persons" liable for conspiring to, among other things, deprive

---

[3]Defendants alternatively contended that the Amended Complaint would fail because the contract was between two private parties and the Fifth Circuit has never recognized a § 1981 claim based on interference. *See Felton*, 315 F.3d at 480-81; *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (noting that "on at least one prior occasion we have suggested that such a claim may not be covered by section 1981"). Plaintiffs chose not to address this issue, but the Court will decline review given the unsettled nature of the law and the other clearly established grounds for denying the Plaintiffs' motion to amend with respect to the § 1981 claim.

"any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *See Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Section 1985 addresses both private conspiracies and public conspiracies. *Id*. at 203. As Defendants note, the Amended Complaint does not specify which type is involved, and Plaintiffs make no attempt in reply to answer the question Defendants posed. Either way, the claim, as asserted in the Amended Complaint, falls short.

Defendants first argue that when a private conspiracy is at issue, the right to be protected must be a right that is "protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993) (citing *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)). With regard to private rights protected under the statute, the Supreme Court has held that only "the Thirteenth Amendment right to be free from involuntary servitude . . . and, in the same Thirteenth Amendment context, the right of interstate travel" are protected. *Id.* (citations omitted); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1024 n.20 (7th Cir. 2000) (holding that "for a private conspiracy to be actionable it must affect Thirteenth Amendment rights); *Wong*, 881 F.2d at 203 (observing that "[t]he power to reach private conspiracies under § 1985(3) emanates from" the Thirteenth Amendment). Defendants point out that the Amended Complaint fails to allege deprivation of either right, and therefore fails to state a claim under § 1985. Plaintiffs do not appear to have directly responded to this argument that otherwise appears meritorious.

As for a public conspiracy, Defendants first argue that the Amended Complaint does not state a claim for lack of state action. A public conspiracy involves rights protected against government encroachment. "However, 'when the alleged conspiracy is aimed at a right that is

13

by definition a right only against state interference,' the plaintiff must prove state involvement." *Wong,* 881 F.2d at 203 (affirming dismissal and holding that because "complaint [did] not encompass any form of state action, . . . [plaintiff] failed to state a claim under 42 U.S.C. § 1985(3)") (quoting *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 833 (1983)). Defendants claim that no state action is apparent from the face of the Amended Complaint. Plaintiffs failed to respond to this argument that otherwise appears meritorious for the reasons stated in Section II(B)(1).

III. Conclusion

Plaintiffs' original Complaint was legally deficient. Under the Eleventh Amendment, claims against the State or a state official in his or her official capacity must be filed in state court. For this reason, the motion to dismiss is granted, without prejudice, for lack of jurisdiction under Rule 12(b)(1). As for Plaintiffs' proposed Amended Complaint, it would fail as to the Individual Defendants under Rule 12(b)(6) for the above stated reasons. The motion to amend is therefore denied as futile as to these Defendants. Plaintiffs may, however, amend, consistent with this order, to properly name the Toyota entity. Finally, the original Complaint contained frivolous claims, and although the proposed Amended Complaint was drafted to correct those deficiencies, it too failed to fully account for binding precedent. Nevertheless, the Court will exercise its discretion and deny Defendants' prayer for sanctions.

**SO ORDERED AND ADJUDGED** this the 2th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE